PORTER, Price Administrator, v.
DUBINSKY et al.

Civil Action No. 145.

District Court, D. Minnesota,
First Division.

May 28, 1946.

Hymen L. Greenberg, Enforcement Atty.,
Office of Price Administration, of St. Paul,
Minn., for plaintiff.

Levitt & Karlins, of Minneapolis, Minn.,
for defendants.

DONOVAN, District Judge.

Plaintiff commenced action to recover
treble damages and to obtain a permanent
injunction enjoining defendants from sell-
ing, attempting to sell, or delivering waste
paper at prices in excess of the maximum
prices established by regulation.

Defendants were engaged in business as
co-partners at Austin, Minnesota. The
business consisted of the purchasing of
hides, furs, wool, junk and miscellaneous
waste material. In this connection they
maintained two warehouses in the City of
Austin, one of which was located at 302
East Maple Street, and the other at 310
East Oakland Avenue. The latter ware-
house was adjacent to railroad tracks owned
by the Chicago, Milwaukee, St. Paul and
Pacific Railway Company. The Maple
Street warehouse was somewhat remote
from the railroad tracks, with reference to
which defendant Harold Dubinsky said,
"* * * we do not have any railroad
siding there."

It appears from the evidence that defend-
ants would pick up waste paper in the City
of Austin and haul it by truck to the Maple
Street warehouse, where it was unloaded,
sorted, graded and weighed. It was then
reloaded on a truck and hauled "approxi-
mately three blocks through a residential
zone, and one block through a commercial
zone, going across the tracks to this ware-
house, which is located at 310 East Oakland
Avenue," and located on a railroad siding.
This process was carried on until sufficient
waste paper had been accumulated in the
Oakland Avenue warehouse "to make a car-
load for shipment." Describing this, Har-
old Dubinsky testified, "* * * we keep
adding weights until we have sufficient for
a car * * *." The reason the Maple

Street warehouse was not used to store the waste paper was because it was described as a "fire menace." The railroad siding is a public track, serving several warehouses in the vicinity of defendants' Oakand Avenue warehouse.

The issues in the present case arise out of the question as to whether the Oakland Avenue or the Maple Street warehouse constituted "defendants' point of shipment." Plaintiff contends that the Oakland Avenue warehouse constituted the point of shipment. Defendants, on the other hand, contend that the point of shipment was the Maple Street warehouse, and that reloading was required at the Oakland Avenue warehouse, which justified defendants' making a one-dollar per ton loading charge.

Maximum Price Regulation 30 provides, among other things, as follows:

"Loading charge. If there is no rail siding or barge dock at the point of shipment, and the wastepaper is transported to and loaded on a freight car or barge at a public track or public barge dock for transportation to the buyer at the expense of the seller, the seller may add to the shipping point price an amount not in excess of $1.00 per short ton for such transportation and loading."

Was the foregoing charge of one dollar per ton permissible in the case at bar?

It is my opinion that the quotation from the Regulation referred to does not cover the Oakland Avenue warehouse, and that the loading charge here made by defendant was not permissible.

From the evidence in this case, however, I am of the further opinion that the circumstances surrounding the sorting, weighing, loading and unloading, justified defendants' misunderstanding of the Regulation that governed here. For this reason the Court feels that treble damages should not be assessed here. Damages in the single amount of the overcharges will be allowed. Neither should a permanent injunction issue. The defendants have indicated an attitude to conform with the law and the Regulations thereunder.

Plaintiff may submit findings of fact and conclusions of law providing for judgment of three hundred fifty-seven and 16/100 dollars ($357.16) in favor of plaintiff.

Defendants may have an exception.